**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

IN RE:                                                                CASE NO.: 6:17-bk-03607-KSJ
                                                                            CHAPTER 7
**Dona Lee Harden,**

    **Debtor.**

_____/

**DEUTSCHE BANK'S RESPONSE TO
CHAPTER 7 TRUSTEE'S MOTION TO SELL**
[Real Property located at 387 Maine Ave E, Longwood, FL 32750]

COMES NOW, Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Morgan Stanley ABS Capital I Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2 ("Secured Creditor"), by and through the undersigned counsel, and files its Response to Chapter 7 Trustee's Motion to Sell Real Property Free and Clear of Liens (DE #34) (the "Motion"), and, in support thereof, states as follows:

**FACTS**

1. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 1, 2017. The case has since been converted to Chapter 7 as of July 28, 2017.

2. Secured Creditor holds a first lien on the subject property located at 387 Maine Ave E, Longwood, FL 32750, by virtue of mortgage recorded on January 6, 2005 in Book 5572 at Page 408 of the Public Records of Seminole County, FL. The mortgage is secured by a promissory note in the original principal amount of $119,000.00.

3. As stated in Secured Creditor's Motion for Relief from Stay (DE #27), the mortgage is in default and Secured Creditor obtained a Final Judgment of Foreclosure on April 13, 2015 in the amount of $150,886.50.

4. Secured Creditor subsequently purchased the property at a Foreclosure Sale held on June 1, 2017.  However, such sale had to be vacated due to the Debtor's instant bankruptcy filing on the sale date.

5. Secured Creditor has since obtained an Order Granting its Motion for Relief from Stay (DE #30) to reschedule the foreclosure sale.

6. The Trustee has filed a Motion to Sell Real Property Pursuant to 11 U.S.C. § 363(b) and (f) and has indicated the subject property will be sold for a purchase price of $136,100.00 with Secured Creditor anticipated to receive a total amount of $116,751.92 from the sale proceeds.

7. Furthermore, the Trustee is seeking a $7,500.00 carve-out from Secured Creditor for the benefit of the unsecured creditors.

8. As of December 30th, 2017, the payoff on the loan is $178,978.63.

## ARGUMENT

9. Secured Creditor has not approved a short sale of the property nor a Trustee carve-out for the benefit of the unsecured creditors as of the filing of this response.

10. Secured Creditor has already expended a great deal of fees and costs in obtaining a foreclosure judgment and sale order, which was subsequently vacated, in addition to obtaining relief from the automatic stay to complete its state court foreclosure action and objects to entry of an Order compelling it to take less than a full payoff on its loan.

11. Secured Creditor objects to entry of an Order compelling it to accept the terms of the proposed sales contract or sets any time line for review of the sales contract, absent its standard sale review process and written approval.

12. Secured Creditor does not consent to impairment of its interest without its written approval at or before closing and all conditions having been met and requires that any proposed sale of the subject property by the Trustee strictly comply with each and every term and condition of any short sale approval letter.

13. Secured Creditor will consider any and all purchase offers and will review in good faith for approval of any Short Sale options.

14. To the extent that the proposed sale price is for less than Secured Creditor's claim amount and/or any request of the Trustee for a carve-out, the Secured Creditor, pursuant to 11 U.S.C. 363(k), reserves the right to credit bid on the Property.

15. Secured Creditor is filing this Response in an abundance of caution, as Secured Creditor wants it to be clear that it should not be compelled to participate in a sale of the Property absent payment in full of the Secured Creditor's security interest on the Property or receipt of all funds included in any short sale approval and all other conditions having been met.

16. Secured Creditor reserves the right to supplement this response at or prior to any hearing on this matter.

WHEREFORE, Secured Creditor requests that any Order Granting the Trustee's Motion be subject to the aforementioned terms and for such other and further relief that this Court deems just and proper.

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: /s/ Christopher P. Salamone, Esq.
Christopher P. Salamone, Esquire
Florida Bar Number: 75951
Email: csalamone@rasflaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26th, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the below mailing list.

**Debtor**
Dona Lee Harden
387 Maine Ave E
Longwood, FL 32750

**Debtor's Attorney**
Wayne B Spivak
500 Winderley Place, Unit 100
Maitland, FL 32751

**Trustee**
Arvind Mahendru
5703 Red Bug Lake Road, Suite 284
Winter Springs, FL 32708

By: /s/ Christopher P. Salamone, Esq.
Christopher P. Salamone, Esquire
Florida Bar Number: 75951
Email: csalamone@rasflaw.com